IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HAROLD PHILLIP AMOS                    *

Plaintiff                              *

v                                      *        Civil Action No. WDQ-10-321

ADEREMI S. ALAWODE                     *
and CAROLINE O. ALAWODE
                                       *

Defendants                             *

***

MEMORANDUM

Pending is Plaintiff's Motion for Service pursuant to Fed R. Civ. Proc. 4.1. Paper No. 7.

Plaintiff states that the Marshals have been unsuccessful in attempting service on Defendants.

Plaintiff seeks to have service accomplished by directing the Marshals to leave a copy of the

summons and complaint at Defendants' last known address. *Id*. The motion will be denied.

Upon further scrutiny,[1] it appears that the claims asserted concern a foreclosure

proceeding already adjudicated by the Circuit Court for Baltimore County. *See Alawode, et al vs*

*Amos*, Case No. 03C09001140, Balt. Co. Cir. Ct. (2010). The state case concerns the same

property at issue in the instant case. Defendants held the mortgage on 1313 Mantle Street,

foreclosed on the property, and the foreclosure proceedings were finalized on July 20, 2009,

when a final ratification report of sale was filed with the state court. *Id*. No appeal has been

noted in the case.

---

[1] A search of the Maryland Judiciary Case Search website was performed to better determine Defendants' address.

The instant Complaint appears to be an attempt to revisit the merits of a matter already adjudicated by another court. "Under the *Rooker-Feldman*[2] [abstention] doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *American Reliable Insurance v. Stillwell*, 336 F. 3d 311, 316 (4th Cir. 2003), *quoting Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). The *Rooker-Feldman* doctrine is jurisdictional and, as such, this Court is free to raise it *sua sponte*. *Jordahl v. Democratic Party of Va.,* 122 F.3d 192, 197 n. 5 (4th Cir.1997). "[T]he *Rooker-Feldman* doctrine . . . by elevating substance over form, preserves the independence of state courts as well as congressional intent that an appeal from a state court decision must proceed through that state's system of appellate review rather than inferior federal courts." *Stillwell*, 336 F. 3d at 391.

The Complaint shall be dismissed by separate Order which follows.


June 21, 2010                                      /s/
Date                                          William D. Quarles, Jr.
                                                United States District Judge

---

[2] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482,(1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).